## TRUSTEEE OF LOAN OFFICE v. MAXWELL et al.

Court of Common Pleas. Kent. December, 1797.

*Bayard's Notebook, 249.*

---

\* This case is also reported in *Wilson's Red Book, 237; Rodney's Notes,* April 27, 1799.

Case was argued by *Ridgely* for State, and *Bayard* for defendants.

BASSETT, C. J., declined giving any opinion, having been concerned in the cause as counsel.

JOHNS, J.  I shall deliver in a few words the opinion of the Court.  The mortgage is in 1747.  The last payment due, in 1758. The suit was brought in 1792, and of consequence the time relied on in support of the plea of payment is 34 years.  A debt is clearly shown to have existed.  No actual payments are shown, but it is contended that the law presumes a payment after the length of time which has elapsed in this case.  The rule is certainly so as to bonds, but the question is whether it applies to mortgages. I think it does not, but my brother Rodney thinks it does.  A great difference is made between mortgages and bonds by the former being recorded instruments.

There is another point on which my brother and myself differ. I think the same rule on this subject should not be applied to public and private bonds, but he conceives they are liable to the same presumption of payment.  I agree that after a certain time payment of a public mortgage may be presumed.  I can state no principle which should define the length of time.  I will say that one hundred years would certainly be time enough for the presumption;  and, on the other hand, I do not conceive twenty years sufficient without circumstances in themselves creating some presumption of payment.  My brother, however, considers twenty years sufficient.  It will, however, be remembered that four years one month and twelve days are, by Act of Assembly, to be deducted from the computation of time.

The jury will decide as the evidence of time and circumstances may incline them to form their opinions as to the payment of the debt.

The jury gave a verdict for defendants.